1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

| | |
|---|---|
| BALASUBRAMANIAN RAVISHANKER,<br><br>Plaintiff,<br><br>v.<br><br>MPHASIS INFRASTRUCTURE<br>SERVICES, INC.,<br><br>Defendant. | Case No.  5:15-cv-02346-EJD<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION TO REMAND; DENYING<br>PLAINTIFF'S REQUEST FOR<br>ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 11 |

8
9
10
11
12
13

Plaintiff Balasubramanian Ravishanker ("Plaintiff") filed the instant lawsuit in Santa Clara County Superior Court against Defendant Mphasis Infrastructure Services, Inc. ("MIS") asserting various state causes of action including whistleblower retaliation, wrongful termination in violation of public policy, and breach of contract. According to the complaint, Plaintiff worked at MIS as Associate Vice President of Sales, and during his employment, he discovered fraudulent misconduct committed by MIS. Plaintiff alleges he reported this misconduct and, consequently, was retaliated against and ultimately discharged.

MIS removed the case to this court on May 26, 2015, claiming federal jurisdiction on the basis of diversity. See Notice of Removal, Dkt. No. 1. Plaintiff moves to remand this case to state court contending that diversity jurisdiction does not exist, and seeks attorneys' fees and costs due to improper removal. See Mot., Dkt. No. 11. MIS opposes the motion. See Opp'n, Dkt. No. 15.

The court found this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). After carefully reviewing the parties' briefing, the court has determined that MIS failed to satisfy its burden of establishing federal jurisdiction. Accordingly, for the reasons explained below, Plaintiff's motion to remand is GRANTED, and his request for attorneys' fees

1

1    and costs is DENIED.

2    **I.    LEGAL STANDARD**

3         Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592

4    F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely

5    from the statutory authorization of Congress.").  In general, only those state court actions that

6    could have been originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except

7    as otherwise expressly provided by Act of Congress, any civil action brought in a State court of

8    which the district courts of the United States have original jurisdiction, may be removed by the

9    defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court

10   actions that originally could have been filed in federal court may be removed to federal court by

11   defendant.").  Accordingly, the removal statute provides two basic ways in which a state court

12   action may be removed to federal court: (1) the case presents a federal question, or (2) the case is

13   between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§

14   1441(a), (b).

15        On a motion to remand, it is the removing defendant's burden to establish federal

16   jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction.  See

17   Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The strong presumption

18   against removal jurisdiction means that the defendant always has the burden of establishing that

19   removal is proper, and that the court resolves all ambiguity in favor of remand to state court.")

20   (internal quotations omitted).

21   **II.    DISCUSSION**

22        **A.    Lack of Diversity Jurisdiction**

23        To invoke diversity jurisdiction, the complaint must allege that the amount in controversy

24   exceeds $75,000 and that the matter in controversy is between citizens of different states.  28

25   U.S.C. § 1332(a)(1).  As to diversity of citizenship, there must be complete diversity in which

26   each of the plaintiffs must be a citizen of a different state than each of the defendants.  Caterpillar,

27

28   Case No.: 5:15-cv-02346-EJD
     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
     REQUEST FOR ATTORNEYS' FEES AND COSTS

2

*United States District Court*
*Northern District of California*

1   Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Here, there is no dispute that the amount in controversy

2   exceeds $75,000 and that Plaintiff is a citizen of California.  Instead, the parties dispute the state of

3   citizenship of MIS.

4          For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is

5   incorporated and the state where its principal place of business is located.  Lightfoot v. Cendant

6   Mortg. Corp., 769 F.3d 681, 698 (9th Cir. 2014).  As to the principal place of business, the

7   Supreme Court has concluded that it refers "to the place where a corporation's officers direct,

8   control, and coordinate the corporation's activities."  Hertz Corp. v. Friend, 559 U.S. 77, 92-93

9   (2010).  Such location "should normally be the place where the corporation maintains its

10   headquarters—provided that the headquarters is the actual center of direction, control, and

11   coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its

12   board meetings."  Id. at 93.

13          Here, the parties appear to agree that MIS is incorporated in Delaware, but disagree on

14   MIS's principal place of business.  Plaintiff argues that MIS's principal place of business is in

15   Santa Clara, California because that is the location of its headquarters.  Mot. at 5.  He contends

16   that during his tenure at MIS, he operated out of the Santa Clara office and every MIS executive

17   he reported to or engaged with on a day-to-day basis also worked out of the Santa Clara office.[1]

18   Id.  In response, MIS argues that MIS' principal place of business is in New York, and focuses its

19   argument on Plaintiff's inability to establish Santa Clara as the principal place of business.  Opp'n

20   at 3-4.  To support its argument, MIS offers the declaration of Vijayakumar M., a Director of MIS,

21   stating that "[b]usiness conducted by MIS is managed and controlled from India or by individuals

22   who direct the company from offices in New York."[2]  See Decl. of Vijayakumar M., Dkt. No. 15-

23

24   [1] MIS filed objections to certain arguments offered by Plaintiff.  See Dkt. No. 16.  These
     objections are OVERRULED.

25
     [2] Plaintiff filed evidentiary objections to certain statements made by MIS's Vijayakumar M.  See
26   Dkt. No. 17.  These objections are OVERRULED.  Plaintiff also filed an objection to a
     supplemental declaration by Vijayakumar M. offered by MIS.  See Dkt. Nos. 21, 22.  The
27   objection is SUSTAINED because the supplemental declaration was untimely pursuant to Civil

                                                    3
28   Case No.: 5:15-cv-02346-EJD
     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
     REQUEST FOR ATTORNEYS' FEES AND COSTS

1 at ¶ 6.

MIS's argument is unpersuasive for several reasons.  First, as the party asserting federal jurisdiction, MIS has the burden of establishing diversity jurisdiction.  But, MIS attempts to place the burden on Plaintiff by challenging Plaintiff's inability to establish California as MIS's principal place of business.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotations omitted).  Such an argument is without merit and cannot be considered.

Second, to show diversity jurisdiction, MIS has offered only a self-serving declaration by one of its directors.  It has failed, however, to provide any other evidence that can corroborate the statements made in the declaration.  The Supreme Court has established that the party asserting diversity jurisdiction has the burden of persuasion and must support its allegations by competent proof.  See Hertz Corp., 559 U.S. at 96.  The party must justify his jurisdictional allegations by a preponderance of the evidence.  See Gaus, 980 F.2d at 567.  Moreover, "California district courts have found that reliance on a single piece of evidence . . . is insufficient for a party to prove the location of its headquarters under the nerve center test."  L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011).  In the instant case, reliance on a single declaration by one of MIS's directors is insufficient to support its claim for diversity jurisdiction.

Third, as the Supreme Court has found, the "principal place of business" is the one location that is the main or leading place of operation, located within a state.  Hertz Corp., 559 U.S. at 93.  If not California, MIS has failed to identify the one location either in India or New York that is presumably the principal place of business.

In sum, MIS has failed to meet its burden of establishing diversity jurisdiction.  Given the absence of objective evidence showing that MIS's "nerve center" is somewhere other than Santa Clara, California, MIS has failed to overcome the strong presumption against removal.  Thus, this

Local Rule 7-3(d).

4

Case No.: 5:15-cv-02346-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
REQUEST FOR ATTORNEYS' FEES AND COSTS

United States District Court
Northern District of California

case must be remanded to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B.   Attorneys' Fees and Costs

The remaining issue is whether Plaintiff can recover attorneys' fees and costs for bringing forth the present motion to remand as a result of MIS's improper removal, pursuant to 28 U.S.C. § 1447(c).  Mot. at 7.  Plaintiff seeks a total sum of $4,502.17, arguing that attorneys' fees and costs are warranted because diversity jurisdiction is not a matter of first impression, and MIS's improper removal is a neglectful misrepresentation of the facts concerning the MIS entity.  Id.  In opposition, MIS argues that it has shown an objectively reasonable basis for removing the action based on diversity jurisdiction.  Opp'n at 9.

Under § 1447(c), a district court has discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal."  Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1184 (9th Cir. 2015); 28 U.S.C. § 1447(c).  "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).  Thus, "the standard for awarding fees should turn on the reasonableness of the removal."  Id. at 141.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Id.  "Conversely, when an objectively reasonable basis exists, fees should be denied."  Id.

Although a close call, the court cannot confidently find that MIS absolutely lacked an objectively reasonable basis for removal, such that it should be penalized for prolonging litigation or imposing unnecessary cost on Plaintiff.  This case is still at an early stage and, in the end, spent only a short period of time in federal court.  Therefore, Plaintiff's request for attorneys' fees and

Case No.: 5:15-cv-02346-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
REQUEST FOR ATTORNEYS' FEES AND COSTS

United States District Court
Northern District of California

1  costs is DENIED.

2  **III.    CONCLUSION**

3         Based on the foregoing, Plaintiff's Motion to Remand is GRANTED, and Plaintiff's

4  request for attorneys' fees and costs is DENIED.

5         The Case Management Conference scheduled for October 22, 2015 is VACATED.  The

6  Clerk shall remand this action to Santa Clara County Superior Court and close this file.

7

8         **IT IS SO ORDERED.**

9  Dated: October 20, 2015

10 

11 EDWARD J. DAVILA
   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6

Case No.: 5:15-cv-02346-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S
REQUEST FOR ATTORNEYS' FEES AND COSTS